UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Eugene Warren,   #70874-083, | ) C/A No. 3:10-2087-MBS-JRM )  ) |
| Petitioner, | ) ) |
| vs. | ) **Report and Recommendation** ) |
| Darlene Drew, *et al.*, | ) ) ) ) |
| Respondent. | ) |

This is an action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. The petitioner is a federal prison prisoner who was confined in the District of South Carolina when he filed this case. Therefore, in the event that a limitations issue arises, the petitioner shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). Under Local Rule 73.02(B)(2) DSC, pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge. The petitioner is now confined at a federal correctional institution in New Jersey.

In an order filed in this case on September 23, 2010, the undersigned directed the petitioner to pay the five-dollar ($5) filing fee or submit a motion to proceed *in forma pauperis*. The petitioner has paid the five-dollar ($5) filing fee. *See* Receipt No. SCX300036650 (D.S.C. Nov. 1, 2010). Hence, the above-captioned case is now "in proper form."

1

This Section 2241 habeas corpus action concerns the BOP Inmate Financial Responsibility Program. The petitioner has captioned this action as a "PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 FOR ILLEGAL 'IFRP CONTRACT'" on page 1 of the petition. The petition contends that he was forced to execute an IFRP [Inmate Financial Responsibility Program] contract by counselor Michael Cox under the threat of being placed on "IFRP REFUSAL Status if [the plaintiff] did not do so and restricted geratly [sic] under any such restriction." The petitioner contends that he is exempt from the IFRP. The petitioner has included a District of South Carolina Section 2241 form (ECF No. 1-1), which shows that he was convicted of wire fraud in the United States District Court for the Northern District of Illinois in Criminal No. 05-CR-921. Incorporated into the petition appears to be form promulgated by one of the many self-help websites (sedm.org). The use of the phrase *sui juris* suggests that the petitioner is attempting to refer to the doctrine of *jus summi imperii* (sometimes called *jura summa imperii*) which refers to the right of supreme dominion or the right of sovereignty. *Black's Law Dictionary* (electronic edition, 1999). *Jus* and *jura* are singular and plural forms, respectively, of the Latin word meaning "right." There is no such thing as a writ of sovereign rights, although such references frequently appear in pleadings filed by tax protesters and members of militia groups. *See* Tanya Telfair Sharpe, *The Identity Christian Movement: Ideology of Domestic Terrorism*, 30 Journal of Black Studies Issue 4 (March 1, 2000), *reprinted at* 2000 WL 12727206.

At the time the petitioner filed this case, he was confined at FCI-Bennettsville. On October 27, 2010, the petitioner notified the Clerk of Court that he is now confined at FCI-Fort Dix in New Jersey (ECF No. 7).

Although the petitioner has raised facially-valid habeas claims, *see United States v. Miller*, 77 F.3d 71 (4th Cir. 1996) (improper for district court to delegate the determination of the amount and timing of prisoner's restitution and fine payments to the Bureau of Prisons and/or the probation officer), and *Matheny v. Morrison*, 307 F. 3d 709, 712 (8th Cir. 2002) (challenge to execution of sentence is a proper Section 2241 ground), the United States District Court for the District of South Carolina does not have personal jurisdiction over the petitioner's new custodian.

A § 2241 petition or a § 2254 petition, whether filed by a state or federal prisoner, must be filed in the judicial district which can acquire *in personam* jurisdiction of a petitioner's warden or other custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-500 (1973); *al-Marri v. Rumsfeld*, 360 F.3d 707 (7th Cir. 2004); *Cox v. Federal Bureau of Prisons*, 643 F.2d 534, 536 & n. 3 (8th Cir. 1981); and *Rheuark v. Wade*, 608 F.2d 304, 305 (8th Cir. 1979).

In *Norris v. Georgia*, 522 F.2d 1006 (4th Cir. 1975), the petitioner was a North Carolina inmate who sought dismissals of detainers lodged against him by the State of Georgia and the State of Louisiana.  The lower court in *Norris* effected service on those two States by mailing copies of the petition to the Attorney General of Georgia and the Attorney General of Louisiana.  *Norris v. Georgia*, 357 F. Supp. 1200 (W.D.N.C. 1973).  In reversing the decision of the district court, the United States Court of Appeals for the Fourth Circuit stated, "[a]bsent such authorization by a specific federal statute, the court has 'no blanket authority to enter an order for substituted or personal service outside of the state in which it is sitting.'" *Norris v. Georgia*, 522 F.2d at 1009 n. 2.

Under the holding in *Norris v. State of Georgia*, the Warden of FCI-Fort Dix cannot be reached by service of process issued by the United States District Court for the District of South

Carolina. *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976). Moreover, the Warden of the FCI-Fort Dix cannot be served by mail from the District of South Carolina. *Norris v. State of Georgia*, 522 F.2d at 1009 n. 2. Since FCI-Fort Dix is located in the District of New Jersey, *see* 28 U.S.C. § 110, the above-captioned case should be transferred to the United States District Court for the District of New Jersey, which could, then, determine whether the petitioner has exhausted the Bureau of Prisons Administrative Remedy Procedure.

## *Recommendation*

Accordingly, it is recommended that the above-captioned habeas corpus action be transferred to the United States District Court for the District of New Jersey, where the petitioner is currently confined. The petitioner's attention is directed to the important notice on the next page.

November 29, 2010                                       Joseph R. McCrorey
Columbia, South Carolina                                United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).