```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


RICHARD EUGENE WARREN,         :
                                      Civil Action No. 11-0809 (RMB)
          Petitioner,          :

     v.                        :      **OPINION**

DONNA ZICKEFOOSE, et al.,      :

          Respondents.         :
```

**APPEARANCES:**

Petitioner pro se                Attorney for Respondents
Richard Eugene Warren            Elizabeth Ann Pascal
#70874-083                       U.S. Department of Justice
FCI Phoenix                      Office of the U.S. Attorney
37910 N. 45th Avenue             401 Market Street
Phoenix, AZ 85086                P.O. Box 2098
                                 Camden, NJ 08101


**BUMB**, District Judge

Petitioner Richard Eugene Warren initially filed this matter in the United States District Court, District of South Carolina. Upon Report and Recommendation by Joseph R. McCrorey, United States Magistrate Judge, the matter was transferred to the District of New Jersey because Petitioner had been transferred to a federal correctional facility within this district. Petitioner has subsequently been transferred out of the district. Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.

**I.   BACKGROUND**

Petitioner brings this section 2241 habeas corpus action as a challenged to the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP").  Specifically, Petitioner states that he "was forced to execute a IFRP contract by counselor Michael Cox under the threat of being placed on IFRP refusal status" if he did not comply.  He states that he provided his signature under duress and that his account now has an ongoing debit of $25.00.  He seeks entry of an order placing him on "IFRP exempt status," seeks a restraining order against retaliation, and seeks reimbursement of the funds previously deducted from his account.

In their response, Respondents provided the Court with information regarding a substantially similar petition filed by Petitioner on May 21, 2010 in the United States District Court for the District of South Carolina.  That petition, which concerned the same issues presented here, was dismissed without prejudice on September 22, 2011 because Petitioner failed to exhaust his administrative remedies.

**II.   LEGAL STANDARD**

Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the
Supreme Court, any justice thereof, the district courts
and any circuit judge within their respective
jurisdictions.

> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriquez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 125 S.Ct. 1242 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (citations omitted). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a

remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir.), cert. denied, 429 U.S. 851 (1976) (finding jurisdiction where prisoner challenged erroneous computation of release date).  See also Vega v. United States, 493 F.3d 310 (3d Cir. 2007) (finding jurisdiction where prisoner challenged BOP's failure to give credit for time served prior to federal sentence); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (finding jurisdiction where prisoner challenged BOP refusal to decide whether to designate state prison as a place of serving federal sentence); Soyka v. Allredge, 481 F.2d 303 (3d Cir. 1973) (finding jurisdiction where petitioner alleged a claim for credit for time served prior to federal sentencing).

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law.  See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971).  A liberty interest protected by the Due Process Clause may arise from either of two sources:  the Due Process Clause itself or from state or federal law.  See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

**III. DISCUSSION**

4

Petitioner brings this application under 28 U.S.C. § 2241 challenging the actions of the Bureau of Prisons with respect to the Inmate Financial Responsibility Program.  The challenges brought in the instant petition where previously brought in a similar petition filed by Petitioner in the United States District Court for the District of South Carolina.  That petition was dismissed for failure to exhaust administrative remedies in a September 22, 2011 opinion filed by that court.

    A.   The issue of jurisdiction

First, there is a question of whether this matter necessitated transfer to this court.  At the time that the matter was filed, Petitioner was incarcerated within the District of South Carolina, and as such jurisdiction was proper there.[1]  Subsequent to the filing, Petitioner was transferred to a facility within the District of New Jersey and this matter was then transferred here.  However, the transfer of Petitioner to a facility within this district did not necessarily require transfer to this court, since at the time of filing jurisdiction had been proper.  See Rumsfeld v. Padilla, 542 U.S. 426 (2004).  Even so, this court would have had jurisdiction over the warden of the facility where Petitioner was incarcerated during the time he was at a facility within this district.

---

[1] The District of South Carolina retained jurisdiction over the first filed petition for this same reason.

But during the progression of this matter in this district, Petitioner was then transferred out and currently remains at a facility outside of this Court's jurisdiction. Since at this time Petitioner is no longer incarcerated within this district this Court no longer would have custody over Petitioner's current custodian. However, transfer – either back to the district where the matter was initially filed or to the district in which Petitioner is now incarcerated – would not be in the interest of justice as the matter is dismissible on other grounds, as discussed below.

>    B.   Decision in the District of South Carolina finding no evidence of exhaustion

In the alternative, it appears that the petition currently pending in this court is duplicative of the South Carolina petition in which a decision has already been rendered to dismiss for failure to exhaust administrative remedies. This Court has reviewed the record, and it appears that there has been no change to the status: Petitioner has not made any subsequent attempts to exhaust his administrative remedies as to this issue.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States

6

Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973).  The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000).  See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996).  Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP Administrative Remedy Program is a

7

multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

As first determined by the District of South Carolina, this Court also deems that Petitioner has not shown that he has exhausted his administrative remedies as to this issue, nor has he shown that pursuit of such remedies would be futile.

8

According to the Declaration of Tara Moran,[2] legal assistant with the Federal Bureau of Prisons, a search of the computerized index conducted on or about September 21, 2011 indicates that Petitioner has not attempted to exhaust his administrative remedies in this matter in any way, never having filed any remedy forms regarding this issue.

Such neglect of the administrative remedy program would trigger a dismissal for failure to exhaust administrative remedies.  Accordingly, and for the reasons as expressed in the decision rendered in the District of South Carolina, the matter is alternatively dismissed for failure to exhaust administrative remedies.

**IV.  CONCLUSION**

For the reasons set forth above, the Petition is dismissed for lack of jurisdiction, or in the alternative, for failure to exhaust administrative remedies.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: April 19, 2012

---

[2]Submitted as attachment #1 to the response.